UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PWRTECH, LLC, a Washington limited liability corporation,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>NYK LINE (NORTH AMERICA) INC., a foreign corporation, HAPAG-LLOYD (AMERICA) INC., a foreign corporation, and BINEX LINE CORP., a California domestic corporation,<br><br>　　　　　　　　　Defendants. | IN ADMIRALTY<br><br>NO.<br><br>PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS |

## I. INTRODUCTION

This lawsuit, pursuant to common law tort and contract claims and the Carriage of Goods at Sea Act, 46 U.S.C. §§30701 *et seq.*, seeks to recover on losses sustained by water damage to a cargo of electronics equipment shipped from Yantian, China to Tacoma, WA, USA in June-July, 2012. Damage to the Plaintiff exceeded $70,000.00 and, despite a lengthy claims process, the Plaintiff has yet to be made whole.

## II. PARTIES

1.1　PWRTech, LLC ("PWRTech" or "Plaintiff") is a Washington limited liability corporation.

1.2　Binex Line Corp. ("Binex") is a California domestic corporation doing business in the State of Washington.

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

1.3     NYK Line (North America), Inc. ("NYK Line") is a foreign corporation doing business in the State of Washington.

1.4     Hapag-Lloyd (America), Inc. ("Hapag-Lloyd") is a foreign corporation doing business in the State of Washington.

### III. VENUE AND JURISDICTION

2.1     The U.S. District Court for the Western District of Washington has jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1332, and 46 U.S.C. §30701 *et seq.*

2.2     This is an admiralty and maritime claim within the meaning of FRCP 9(h).

2.3     Venue is appropriate as the goods in question were delivered within the area served by the U.S. District Court for the Western District of Washington.

### IV. FACTS

3.1     Plaintiff is an electronics importer headquartered in Kirkland, WA.

3.2     In summer, 2012, Plaintiff contracted to import 368 containers of laptop adapters from China from suppliers/shippers Henv Leader (Hong Kong) Co., Ltd., and Tommox Industrial Co., Ltd. For this transaction, Plaintiff utilized an agent, freight forwarder, and/or non-vessel-operating common carrier, Binex, to arrange transport.

3.3     On or around June 14, 2012, the 368 containers of laptop adapters were loaded on board the DUSSELDORF EXPRESS, a vessel owned and operated by Hapag-Lloyd. On the same day, two clean Bills of Lading were issued by Shenzhen Lucky Logistics, Ltd., Binex's agent in China.

3.4     Bill of Lading # LLL/SEA/206017FLAXA was issued for 243 cartons of electronic equipment from supplier/shipper Henv Leader (Hong Kong) Co. The Bill of Lading states the goods were received in apparent good order and condition.

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

3.5   Bill of Lading # LLL/SEA/206017FLAXB was issued for 125 cartons of electronic equipment from supplier/shipper Tommox Industrial, Ltd. The Bill of Lading states the goods were received in apparent good order and condition.

3.6   The importing carrier for the electronic goods transaction was NYK Line.

3.7   On or around July 2, 2012, the DUSSELDORF EXPRESS arrived in Tacoma, WA, USA. Upon inspection of the electronic goods, it was discovered that the goods were severely damaged by fresh water.

3.8   The electronic goods were unsalvageable and resulted in damages to Plaintiff of $70,892.52.

3.9   On or around July 11, 2012, Plaintiff submitted a claim of Binex for the full amount of the lost electronics equipment.

3.10   Based on information and belief, on or around October 8, 2012, Binex reportedly submitted the claim to NYK Line for claim determination.

3.11   On or around May 1, 2013, NYK Line and Hapag-Lloyd denied liability.

V.   **FIRST CAUSE OF ACTION: (NEGLIGENCE) AGAINST BINEX**

4.1   Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 3.11 as if fully set forth herein.

4.2   As an agent, freight forwarder, and/or non-vessel-operating common carrier, Binex possessed a duty of ordinary care and good faith toward Plaintiff.

4.3   Binex breached its duty of ordinary care and good faith by negligently contracting with one or more entities (including, but not limited to, Shenzhen Lucky Logistics, Ltd., NYK Line, and/or Hapag-Lloyd) in transporting the electronics equipment in such a manner that the electronics equipment was damaged beyond repair by water.

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

4.4     Based on information and belief, the electronics equipment was shipped from suppliers/shippers Henv Leader (Hong Kong) Co., Ltd., and Tommox Industrial Co., Ltd. in undamaged, good working condition.

4.5     Plaintiff did not agree, expressly or otherwise, to have the electronics equipment stowed on deck or transported in any other manner making it vulnerable to water damage.

4.6     Binex's contracting with Shenzhen Lucky Logstics, Ltd., NYK Line, and/or Hapag-Lloyd were under circumstances that do not comply with Binex's duty of ordinary care.

4.7     As a direct and proximate result of Binex's negligence, the Plaintiff has been damaged in an amount to be proven at trial, not less than $70,892.52.

## VI. SECOND CAUSE OF ACTION (BREACH OF FIDUCIARY DUTY): AGAINST BINEX

5.1     Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 4.7 as if fully set forth herein.

5.2     As an agent, freight forwarder, and/or non-vessel-operating common carrier, Binex possessed a fiduciary duty toward Plaintiff.

5.3     Binex breached its fiduciary duty by contracting with one or more entities (including, but not limited to, Shenzhen Lucky Logistics, Ltd., NYK Line, and/or Hapag-Lloyd) in transporting the electronics equipment in such a manner that the electronics equipment was damaged beyond repair by water.

5.4     As a direct and proximate result of Binex's breach of fiduciary duty, the Plaintiff has been damaged in an amount to be proven at trial, not less than $70,892.52.

## VII. THIRD CAUSE OF ACTION (BREACH OF CONTRACT): AGAINST BINEX

6.1     Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 5.4 as if fully set forth herein.

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

6.2     Based on information and belief, there was a contract between Plaintiff and Binex to safely import the electronics equipment from the shipper/suppliers to the Plaintiff in Kirkland, WA.

6.3     Binex breached the contract by failing to import the electronics equipment in undamaged condition.

6.4     As a direct and proximate result of Binex's breach of contract, the Plaintiff has been damaged in an amount to be proven at trial, not less than $70,892.52.

VIII.   FOURTH CAUSE OF ACTION (BREACH OF IMPLIED CONTRACT): AGAINST BINEX

7.1     Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 6.4 as if fully set forth herein.

7.2     Based on information and belief, there was an implied contract between Plaintiff and Binex to safely import the electronics equipment from the shipper/suppliers to the Plaintiff in Kirkland, WA.

7.3     Binex breached the implied contract by failing to import the electronics equipment in undamaged condition.

7.4     As a direct and proximate result of Binex's breach of implied contract, the Plaintiff has been damaged in an amount to be proven at trial, not less than $70,782.52.

VIII.   FIFTH CAUSE OF ACTION (COGSA CLAIM): AGAINST NYK LINE

8.1     Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 7.4 as if fully set forth herein.

8.2     The electronic goods were delivered in good condition to the importing carrier, NYK Line, as demonstrated by the Bills of Lading.

---

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

8.3   The electronic goods were subsequently received by Plaintiff in damaged condition due to extensive water damage.

8.4   Due to the damage to the electronic goods, Plaintiff has suffered damages in an amount to be proven at trial, not less than $70,892.52.

IX.   SIXTH CAUSE OF ACTION (COGSA CLAIM): AGAINST HAPAG-LLOYD

9.1   Plaintiff realleges each of the allegations contained in Paragraphs 3.1 through 8.4 as if fully set forth herein.

9.2   The electronic goods were delivered in good condition to the owner/operator of the DUSSELDORF EXPRESS, Hapag-Lloyd, as demonstrated by the Bills of Lading.

9.3   The electronic goods were subsequently received by Plaintiff in damaged condition due to extensive water damage.

9.4   Due to the damage to the electronic goods, Plaintiff has suffered damages in an amount to be proven at trial, not less than $70,892.52.

X.   PRAYER FOR RELIEF

Plaintiff prays for the following relief:

10.1   Damages in the amount of not less than $70,892.52;

10.2   Reasonable costs and attorneys' fees; and

10.3   For such further relief as the Court deems just and proper.

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2

1  RESPECTFULLY SUBMITTED this 26th day of June, 2013.

s/ Rodney L. Umberger, WSBA #24948
Rodney L. Umberger, WSBA #24948
Hunter M. Abell, WSBA #37223
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: rumberger@williamskastner.com
Attorneys for Plaintiff PWRTech, LLC

PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND CARRIAGE OF GOODS AT SEA ACT ("COGSA") CLAIMS - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3938120.2