HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PWRTECH, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>NYK LINE (NORTH AMERICA) INC., et al.,<br><br>               Defendants. | CASE NO. C13-1102 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on defendant NYK Line (North America) Inc.'s ("NYK Line") motion to dismiss pursuant to 12(b)(3) and 12(b)(7) (Dkt. # 11) and defendant Binex Line Corp.'s ("Binex") motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) (Dkt. # 10). On August 8, 2013, twenty-one days after defendants filed their 12(b) motions, plaintiff filed an amended complaint that substituted Nippon Yusen Kaisha, Inc. ("NYK") for NYK Line. *See* Fed. R. Civ. Proc. 15(a)(1)(B) (party may amend complaint once as a matter of course within 21 days after service of a 12(b) motion). Accordingly, NYK Line has been terminated as a party. Nevertheless, NYK Line filed a reply subsequent to being terminated as a party. It is unclear to the court whether counsel intended that the motion apply to NYK, even though NYK has not yet

ORDER- 1

filed an appearance.[1]  Given that NYK Line, the moving party, is no longer a party, the court DENIES NYK Line's 12(b)(3) & (7) motion to dismiss as MOOT.  Dkt. # 11.

In its First Amended Complaint ("FAC"), plaintiff alleges negligence, breach of fiduciary duty, breach of contract, and breach of implied contract against Binex, and violation of the Carriage of Goods by Sea Act ("COGSA") against NYK and Hapag-Lloyd (America), Inc. ("Hapag").  Dkt. # 19 (FAC) ¶¶ 4.1-9.4.

## II. BACKGROUND

During the 2012 summer, plaintiff contracted to import 368 containers of laptop adapters from China from its supplier/shippers Henv Leader (Hong Kong) Co., Ltd. and Tommox Industrial Co., Ltd.  Dkt. # 18 (Holyas Decl.) ¶ 5.  Plaintiff then contacted Binex, a non-vessel operating cargo carrier, to effectuate the importation of the goods.  *Id.* ¶ 6.  In late June or early July 2012, plaintiff became aware that the goods had arrived at the Port of Tacoma, and upon inspection, discovered that the goods were severely damaged and beyond repair.  *Id.* ¶ 7.  On or around the arrival of goods in early July 2012, plaintiff received a copy of two bills of lading from Shenzhen Lucky Logistics Ltd. ("Shenzhen Bills of Lading").  *Id.* ¶ 8, Ex. A.  Plaintiff was unaware until then of Shenzhen's involvement in importing the goods.  *Id.*  Plaintiff made multiple efforts to acquire all governing bills of lading from Binex, and plaintiff was only provided the Shenzhen Bills of Lading and another illegible document.  *Id.* ¶ 9.  Unbeknownst to plaintiff, NYK Line issued a bill of lading for the goods as well, which plaintiff did not learn of until the pending motion was filed.  *Id.*; Dkt. # 11-1 (Shababb Decl.) ¶ 4.  There is no evidence in the record that explains the relationships between Binex, Hapag, Shenzhen, NYK and/or NYK Line.[2]

---

[1] The court notes that plaintiff has not filed a proof of service demonstrating that the amended complaint was served on NYK.

[2] Although NYK Line represents that Shenzhen is Binex's agent in China, and that Shenzhen arranged for the ocean carriage to be performed by NYK who subsequently provided

## III. ANALYSIS

**A.  Binex's Rule 12(b)(1) Motion**

Binex's Rule 12(b)(1) motion is premised on the argument that there is no diversity jurisdiction because plaintiff's damages are less than the jurisdictional $75,000 amount.  Dkt. # 10 at 4-5.  However, this court has independent admiralty jurisdiction pursuant to 28 U.S.C. § 1333.[3]  Accordingly, the court DENIES Binex's 12(b)(1) motion.[4]

**B.  Binex's Rule 12(b)(6) Motion**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998).  However, the complaint must indicate more than mere speculation of a right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Additionally, the

---

transport on a vessel owned by Hapag-Lloyd, there is no evidence in the record to support these representations.  Dkt. # 11 at 1-2.

[3] The court also notes that Binex has estimated the amount of damages to exceed $75,000.  Dkt. # 24 (Holyas 2d Decl.) ¶ 5, Ex. C.  Additionally, although plaintiff did previously allege $70,892.52 in damages (Dkt. # 1 (Compl.) ¶ 3.8), in the FAC, plaintiff alleges that the damages exceed $75,000 (Dkt. # 19 (FAC) ¶ 3.8).  The FAC was filed on August 8, 2013, and Binex's reply was due August 16, 2013.  Binex did not file a reply, or otherwise address the FAC, despite its opportunity to do so.

[4] Since the court has original jurisdiction over plaintiff's claims against NYK and Hapag, and those claims still remain, the court need not address whether the court should decline supplemental jurisdiction over plaintiff's state law claims against Binex.

court is not required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Binex moves the court to dismiss plaintiff's breach of fiduciary duty claim. Dkt. # 10 at 6. To allege a claim for breach of fiduciary duty under Washington law, a plaintiff must allege that (1) defendant owed plaintiff a fiduciary duty, (2) the duty was breached, and (3) the breach caused plaintiff's damages. *Micro Enhance v. Coopers & Lybrand*, 110 Wash App. 412, 433-34, 40 P.3d 1206 (Wash. App. 2002). Binex only challenges the first element and argues that there is no fiduciary relationship between Binex and plaintiff. Dkt. # 10 at 6-7.

"A fiduciary relationship arises as a matter of law in certain contexts such as attorney and client, doctor and patient, trustee and beneficiary, principal and agent and partner and partner." *Micro Enhancement*, 110 Wash. App. at 434. However, "a fiduciary relationship can arise *in fact* regardless of the relationship *in law* between the parties." *Id.*

The parties have not cited, and the court is not aware of, any Washington authority that addresses whether the relationship between a shipper (or consignee) and a freight forwarder (or transportation broker) is a fiduciary relationship. Plaintiff relies on a Central District of California case for the proposition that a fiduciary duty exists between a shipper and freight forwarder. *Ample Bright Dev't, Ltd v. Comis Int'l*, 913 F. Supp. 2d

925, 939 (C.D. Cal. 2012)[5] (quoting *U.S. v. Ventura*, 724 F.2d 305, 311 (2d Cir. 1983)). However, the Second Circuit court that *Ample* cited relied on an expert witness's testimony that the relationship between a shipper as principal and freight forwarder as agent was a fiduciary relationship of the greatest trust and fidelity. *Ventura*, 724 F.2d at 311. The Second Circuit also reasoned that a shipper retains a freight forwarder because of its expertise in securing the dispatch of cargo to a foreign destination, that because of this expertise, the shipper relies on the freight forwarder's representations, that because of the shippers inability to monitor the steps in the shipping process, the freight forwarder must often make arrangements for shipment details without express approval for the arrangements, and that, as a result, the freight forwarder exercises considerable control over the transport-related decisions of the shipper. *Id.* Plaintiff has not alleged any similar facts that would support a finding of a fiduciary relationship between a freight forwarder and shipper. Nor has plaintiff explained why this court should follow the Second Circuit's reasoning.[6]

Nevertheless, although Binex argues that there is no statutory or common law that demonstrates a fiduciary duty, plaintiff has alleged that Binex was an agent. Dkt. # 19 (FAC) ¶¶ 3.2, 5.2. Under common law, an agent has fiduciary duties to the principal. Rest. (Third) of Agency § 8.01 ("An agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship."); *see also In re Estate of Palmer*, 145 Wash. App. 249, 263, 187 P.3d 758 (Wash. App. 2008) ("fiduciary

---

[5] The court notes that the *Ample* court was a negligence case, not a fiduciary duty case. Additionally, *Ample* cited a Southern District of New York case that quoted the Second Circuit *Ventura* case.

[6] Contrary to plaintiff's assertion, the relevant legal authority that is binding on this court is not "undoubtedly clear." *See* Dkt. # 23 at 7. Given that the parties have not sufficiently briefed the court on the weight of legal authority regarding whether a shipper and freight forwarder have a fiduciary relationship, or whether plaintiff has sufficiently alleged that it and Binex are considered a shipper and freight forwarder, respectively, the court declines to decide this issue at this time.

ORDER- 5

relationship arises when the agent exercises dominion and control over the principal's property sufficient to alienate the principal's right to the property.").

Since plaintiff has alleged that Binex was an agent, and Binex does not move for dismissal on any other grounds, the court DENIES Binex's motion.

## IV. CONCLUSION

For all the foregoing reasons, the court DENIES the motions to dismiss filed by Binex and NYK. Dkt. # 10 & # 11. Finally, the court notes that it expects the parties to review and abide by the Local Civil Rules, including, *inter alia*, formatting requirements. *See* Local Rules W.D. Wash. CR 10(e)(1).[7]

Dated this 24th day of February, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[7] Since neither party exceeded the page allotment, the court disregarded the briefing that was less than double-spaced.

ORDER- 6