1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PWRTECH, LLC,

                  Plaintiff,

      v.

NYK LINE (NORTH AMERICA)
INC., et al.,

                  Defendants.

CASE NO. C13-1102 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on defendant and cross-defendant, Nippon Yusen Kaisha, Inc.'s ("NYK") motions to dismiss.  Dkt. ## 34, 36.  NYK is connected to plaintiff, Pwrtech LLC ("Pwrtech" or "plaintiff"), in this matter through a web of other entities that it alleges were acting as plaintiff's agents.  According to NYK, plaintiff's agents agreed, on behalf of plaintiff, to a forum selection clause that specifies Tokyo, Japan as the exclusive forum for the adjudication of any disputes arising from the shipment of goods at issue in this litigation.  Pursuant to that forum selection clause, NYK contends that dismissal is required.  Alternatively, NYK argues that dismissal is required because plaintiff has failed to join Shenzen Lucky Logistics, Ltd., a party which it contends is necessary to the action.   The court finds the motions deficient in several

ORDER- 1

respects.  NYK has asked the court to make certain inferential leaps without adequate support in the record and without adequate citation to authority.  For the reasons stated below, the court denies the motions, but grants leave to re-file.

## II. BACKGROUND

During the 2012 summer, plaintiff contracted to import 368 containers of laptop adapters from China from its suppliers Henv Leader (Hong Kong) Co., Ltd. and Tommox Industrial Co., Ltd.  Dkt. # 18 (Holyas Decl.) ¶ 5.  Plaintiff then contacted defendant Binex Line Corp. ("Binex") to effectuate the importation of the goods.  *Id.* ¶ 6.  In late June or early July 2012, plaintiff became aware that the goods had arrived at the Port of Tacoma, and upon inspection, discovered that the goods were severely damaged.  *Id.* ¶ 7.  It appears that additional entities were involved in the importation of these goods, but how these entities came to be involved and the exact terms of their contracts, if any, remain unclear.[1]  *Id.* ¶ 9; Dkt. #37, p. 3.

Upon arrival of the goods, plaintiff received a copy of two bills of lading issued by non-party Shenzen Lucky Logistics, Ltd. ("Shenzhen").  Dkt. # 18 ¶ 8, Ex. A.  Plaintiff then made efforts to acquire all governing bills of lading from Binex.  *Id.* ¶ 9.  In response, Binex provided plaintiff with additional copies of the Shenzhen Bills of Lading and another illegible document.  *Id.*  It turns out that defendant NYK also issued a Sea Waybill for the goods, but plaintiff claims that it did not learn of this fact until the instant motions were filed.  *Id.*  The Shenzhen Bills of Lading and the NYK Sea Waybill reveal

---

[1] Plaintiff filed a sur-reply requesting that the court strike paragraphs 6-8 of the Declaration of Robert Shabbab, which was submitted in support of NYK's reply brief, and any related argument in the reply brief.  Dkt. # 42.  Plaintiff made this request on the grounds that this material raises new facts and argument regarding the relationship of the parties which was not raised in the opening motion.  Although the court finds this information helpful, by raising it in reply, NYK denied plaintiff the opportunity to respond to it.  Accordingly, the court GRANTS plaintiff's request and strikes paragraphs 6-8 of the Shabbab Declaration and any related argument in the reply brief.

1  that the goods were transported on the Duesseldorf Express, which plaintiff contends is

2  owned and operated by defendant Hapag-Lloyd (America), Inc. ("Hapag").  Dkt. # 19, ¶

3  3.3.  Plaintiff maintains that "to this day" it is unclear what role Binex, Shenzhen, NYK

4  and Hapag played in importing and allegedly damaging its goods.  Dkt. # 18, ¶ 9.

5       Binex disputes that it was acting as plaintiff's agent and no party has submitted

6  any contracts or communications between plaintiff and Binex.  Dkt. # 31 ¶ 3.2.  Binex

7  also disputes that Shenzhen was acting as its agent in China and also disputes that it was

8  a party to the NYK Sea Waybill (despite being listed as a consignee).  *Id.* ¶¶ 3.3, 3.6.

9  Shenzhen, although apparently a significant player in the importation of these goods, has

10  not been joined by the plaintiff in this action.  Additionally, NYK has submitted no

11  evidence of communications with plaintiff, either directly or indirectly, prior to the

12  commencement of this lawsuit.

13       In its First Amended Complaint ("FAC"), plaintiff alleges negligence, breach of

14  fiduciary duty, breach of contract, and breach of implied contract against Binex, and

15  violation of the Carriage of Goods by Sea Act ("COGSA") against NYK and Hapag-

16  Lloyd (America), Inc. ("Hapag").  Dkt. # 19 (FAC) ¶¶ 4.1-9.4.  Binex, in turn, has filed

17  crossclaims against NYK and Hapag seeking indemnity and contribution.  Dkt. # 31.

### III. ANALYSIS

19       NYK seeks dismissal of the claims asserted against it by plaintiff Pwrtech and

20  cross-claimant Binex.[2]  NYK contends that dismissal is required due to the existence of a

21  forum selection clause in the governing contract specifying Tokyo, Japan as the exclusive

22  forum for disputes arising out of the shipment of goods at issue and, alternatively,

23

24  _____

25       [2] NYK also appears to seek dismissal on behalf of defendant Hapag, but Hapag

26  has not joined in the motions.  The court will not dismiss Hapag absent a properly noted

    motion by Hapag, which allows plaintiff Pwrtech and cross-claimant Binex an

27  opportunity to respond.

1  contends that dismissal is required due to plaintiff's failure to join Shenzehn, an

2  indispensible party.

3  **A. DISMISSAL BASED ON THE FORUM SELECTION CLAUSE**

4      1.  NYK's Agency Argument

5      Federal law governs the validity of a forum selection clause.  *Manetti–Farrow,*

6  *Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir. 1988).  The enforceability of

7  forum selection clauses in international agreements is controlled by the Supreme Court's

8  decision in *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1 (1972).  In *Bremen,* the

9  Court first held that forum selection clauses are prima facie valid and should not be set

10  aside unless the party challenging enforcement of such a provision can show it is

11  "'unreasonable' under the circumstances."  407 U.S. at 10.  The Supreme Court has

12  construed this exception narrowly.  A forum selection clause is unreasonable if (1) its

13  incorporation into the contract was the result of fraud, undue influence, or overweening

14  bargaining power, *Carnival Cruise Lines,* 499 U.S. at 591; *Bremen,* 407 U.S. at 12–13;

15  (2) the selected forum is so "gravely difficult and inconvenient" that the complaining

16  party will "for all practical purposes be deprived of its day in court," *Bremen,* 407 U.S. at

17  18; or (3) enforcement of the clause would contravene a strong public policy of the forum

18  in which the suit is brought.  *Id.* at 15.

19      Accordingly, here, it is plaintiff's burden to establish the invalidity of the forum

20  selection clause.  *Bremen*, 407 U.S. at 10.  Although plaintiff has failed to carry its

21  burden at this time, plaintiff has raised sufficient questions which cause the court to

22  believe that it may have the ability to do so upon the completion of discovery.  Plaintiff

23  has submitted evidence that it had absolutely no knowledge of the NYK Sea Waybill and,

24  in turn, no knowledge of the forum selection clause prior to the commencement of this

25  suit.  Dkt. # 18, ¶ 9.  *See Royal Ins. Co. v. Sea-Land Serv. Inc.*, 50 F.3d 723, 727 (9th Cir.

26  1995) (finding that adequate notice is required for the terms of bills of lading).  NYK has

27  submitted no evidence to contradict this claim and the court has been unable to

1   independently locate any such evidence in the record.  Indeed, although NYK claims that

2   it issued the Sea Waybill, it has submitted no evidence which shows that it provided the

3   Sea Waybill to plaintiff or anyone else involved in this transaction, including plaintiff's

4   purported agents. [3]  *See* Dkt. ## 34-1, 36-1.  The absence of this link is a stark contrast to

5   the facts in *Bremen*, which involved a "freely negotiated international commercial

6   transaction."  407 U.S. at 10.

7        Although NYK attempted to demonstrate this link, it has failed to do so

8   sufficiently.  NYK claims that Binex was acting as plaintiff's agent, Shenzehn was acting

9   as Binex's agent, and Shenzehn, thereby, had the authority to bind plaintiff to the forum

10  selection clause.  Although at least one court has found that an intermediary serves as the

11  upstream merchant's agent for the purposes of agreeing to litigate in a particular forum,

12  *see, e.g.*, *Mahmoud Shaban & Sons v. Mediterranean Shipping*, 2013 WL 316151, at * 4

13  (S.D.N.Y. Jan. 28, 2013) (extending *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14 (2004),

14  here, the exact relationship among the parties has not been established through admissible

15  evidence. [4]  Indeed, Binex disputes that it was acting as plaintiff's agent and also disputes

16

17  _____

18      [3] To the extent NYK is inviting the court to make assumptions about the parties'

19  legal relationship based upon the Shenzhen Bills of Lading and the NYK Sea Waybill,
    the court declines to do so.  Counsel must submit admissible evidence (e.g., declarations

20  based upon <u>personal knowledge</u>) that establish a relationship among the parties.  For
    example, if Binex hired NYK, then NYK must submit a declaration from someone, with

21  personal knowledge, which states that simple fact. Additionally, if NYK provided the Sea
    Waybill to Binex, then NYK must submit a declaration attesting to that fact as well.  The

22  declaration should also include any evidence NYK may possess regarding Binex's
    communications with plaintiff in this regard (e.g., If Binex submitted the Sea Waybill to

23  plaintiff, such information would be helpful to the court.).

24      [4] Additionally, the court notes that *Mahmoud Shaban* does not stand for the
    proposition that an intermediary's sub-contractor may serve as the upstream merchant's

25  agent for purposes of agreeing to a forum selection clause.  If such authority exists, it is
    incumbent upon NYK to identify it for the court.  It is entirely possible that in

26  commercial shipping transactions, notice is imputed to the purchaser of goods, despite the

27  involvement of multiple intermediaries and despite the fact that the purchaser did not

1    that Shenzehn was acting as its agent in China.[5]  Dkt. # 31 ¶¶ 3.2., 3.3, 3.6.  At this stage,

2    there is no admissible evidence of communications linking plaintiff to the NYK Sea

3    Waybill and no evidence of communications or contracts establishing the agency

4    relationship described by NYK.  Merely asserting that an agency relationship exists and

5    pointing to the Shenzehn Bills of Lading and the NYK Sea Waybill is insufficient.

6          Accordingly, there is no evidentiary basis, at this time, to conclude that plaintiff

7    had notice of NYK's forum selection clause.  *Cf. Good v. Nippon Yusen Kaisha*, 2013

8    WL 2664193 (E.D. Cal. June 12, 2013) (noting that plaintiff had at least received scanned

9    front pages of the waybills informing him that the terms were available online and that it

10   thereby had the means to learn about the forum selection clause).  Here, plaintiff claims

11   that it did not know of the forum selection clause and that it had no way of making itself

12   aware of the clause.  NYK has offered no evidence to refute this claim.  For these

13   reasons, NYK's motion will be DENIED.  If discovery bears out NYK's version of the

14   facts, NYK may renew its motions to dismiss at that time.  *See Murphy v. Schneider*

15   *Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2003).[6]

16      2.  <u>NYK's Waybill</u>

17         NYK also asserts that plaintiff has brought suit on NYK's Waybill and thereby

18   consents to its terms, including the forum selection clause.  If this legal principle is

19   ──────────────────────────────────────────────

20   receive the Sea Waybill prior to shipment.  Unfortunately, NYK has not identified such

21   authority for the court.

22      [5] Although the court doubts the truth of Binex's conclusory denial, the court
     requires more than a statement by Pwrtech that it hired Binex.  Is there a written

23   agreement memorializing this agency relationship? Was there any limitation on Binex's
     authority to act on behalf of Pwrtech? Did Binex hold itself out as Pwrtech's agent? Does

24   the law impute an agency relationship between a purchaser and a NVOCC?

25      [6] Although the *Murphy* court analyzed the motion to dismiss under Rule 12(b)(3),
     the same principles apply after the Supreme Court's decision in *Atlantic Marine Const.*

26   *Co. v. U.S. Dist. Court,* ⸻ U.S. ⸻, 134 S. Ct. 568 (2013).  *See Martinez v.*
     *Bloomberg*, 740 F.3d 211 (2d Cir. 2013) (finding that *Atlantic Marine* did not alter the

27   materials relied upon in deciding a motion to dismiss for *forum non conveniens*).

1  accurate, it should be NYK's first argument, as it would plainly result in a dismissal of

2  plaintiff's claims against NYK.  Inexplicably, the parties have devoted very little space to

3  this argument.  Plaintiff argues that this principle applies only to bills of lading and,

4  somehow, does not apply to waybills because there is a critical difference between these

5  two documents: a bill of lading is negotiable, whereas a waybill is non-negotiable.

6  Plaintiff then makes a meandering argument regarding its ability to accept some terms of

7  the waybill (e.g., COGSA), but not others (e.g., the forum selection clause).  Dkt. # 37, p.

8  11.  Plaintiff cites no authority for this specific proposition.  In reply, NYK cites three

9  cases, all of which refer only to bills of lading.  Dkt. # 40, p. 5.  Neither party explains the

10  applicability of the authorities cited to the facts of the present case.

11         If NYK wishes to obtain dismissal based upon this principle of law, it will need to

12  cite to authority which supports its position and explain *how* that authority applies to the

13  case at hand.

14  **B. Dismissal Based on Failure to Join an Indispensable Party**

15         Alternatively, NYK argues that dismissal is required due to plaintiff's failure to

16  join Shenzehn as a party.  Pursuant to Rule 12(b)(7), a party may move to dismiss a case

17  for failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(7).  A Rule 19 analysis

18  poses three successive inquiries: (1) whether the absent party is required under Rule

19  19(a); (2) whether it is feasible to join the absent, required party; and (3) if joinder is not

20  feasible, whether the action should proceed in equity and good conscience, or whether the

21  absent party is indispensable such that the action should be dismissed.  Fed. R. Civ. P.

22  19(a) & (b); *see Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d

23  1176, 1179 (9th Cir. 2012).  Under the first inquiry, a party is required under Rule 19(a)

24  if: (1) in his absence, the court cannot accord complete relief among existing parties; (2)

25  he has an interest in the action and resolving the action in his absence may as a practical

26  matter impair or impede his ability to protect that interest; or (3) he has an interest in the

27  action and resolving the action in his absence may leave an existing party subject to

1    inconsistent obligations because of that interest.  Fed. R. Civ. P. 19(a); *see Salt River*, 672

2    F.3d at 1179.  Under the third inquiry, the factors for the court to consider include (1) the

3    extent to which a judgment rendered in the party's absence might prejudice that party or

4    the existing parties; (2) the extent to which any prejudice could be lessened or avoided;

5    (3) whether a judgment rendered in the person's absence would be adequate; and (4)

6    whether the plaintiff would have an adequate remedy if the action were dismissed for

7    nonjoinder.  Fed. R. Civ. P. 19(b).  The moving party, NYK, bears the burden of

8    persuasion in arguing for dismissal under Rule 19.  *Clinton v. Babbit*, 180 F.3d 1081,

9    1088 (9th Cir. 1999).

10           With respect to Shenzhen, NYK only argues that Shenzhen "is a necessary party to

11   adequately address the claims made by Plaintiff as to damages allegedly incurred during

12   the transport of electronics from China to the United States."  Dkt. ## 34, 36 at p. 5.

13   Without additional information to explain this conclusory argument, the court finds that

14   NYK has not met its burden of persuasion to demonstrate that Shenzhen is a required

15   party.  NYK has also failed to discuss the second and third inquiries altogether.

16           Accordingly, the court DENIES NYK's 12(b)(7) motion.

## IV. CONCLUSION

18           For all the foregoing reasons, the court DENIES the motions to dismiss filed by

19   NYK, with leave to re-file the motions at a later date.  Dkt. # 34 & # 36.  Should NYK

20   choose to re-file its motions, the court advises NYK to include admissible evidence in

21   support of its arguments in its opening brief.

22           Dated this 2nd day of February, 2015.

24   *Richard A Jones*
     _____
25   The Honorable Richard A. Jones
26   United States District Judge

27

ORDER- 8